**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4363**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BRANDON CARDEZ,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:15-cr-00152-FL-1)

Submitted: March 27, 2017         Decided: March 30, 2017

Before WILKINSON and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Cardez appeals his 28-month sentence imposed following a guilty plea to possessing a firearm as a felon, in violation of 18 U.S.C. §§ 921(g)(1), 924 (2012). On appeal, Cardez challenges the reasonableness of the district court's upward departure under U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (2016). For the following reasons, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). "When reviewing a departure, we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Howard, 773 F.3d 519, 529 (4th Cir. 2014) (internal quotation marks omitted).

Reasonableness has both procedural and substantive components. Gall, 552 U.S. at 51. In assessing procedural reasonableness, we consider factors such as whether the district court properly calculated the Sentencing Guidelines range, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the sentence imposed. Id. "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's

2

arguments and explain why he has rejected those arguments." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). If no procedural errors exist, we consider the substantive reasonableness of a sentence, evaluating "the totality of the circumstances." Gall, 552 U.S. at 51.

Under that standard, we conclude that the district court did not abuse its discretion when it applied USSG § 4A1.3, p.s. That section encourages upward departures when "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3, p.s.

Here, the district court found that Cardez's criminal history category underrepresented his past crimes, some of which had been consolidated for judgments, and that Cardez seemed likely to commit future crimes. While Cardez committed most of his crimes as a juvenile, the district court considered that factor among others. The court also considered Cardez's past in rejecting more lenient sentences, including supervision with outpatient drug treatment. Based on the court's consideration of all relevant factors and the totality of the circumstances, we conclude that the district court did not abuse its discretion when it sentenced Cardez.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented before this court and argument would not aid the decisional process.

AFFIRMED